UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WATTS,<br><br>              Petitioner,<br><br>   v.<br><br>RON DAVIS, WARDEN,<br><br>              Respondent. | No. CV 16-1512 R (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED AND PROCEDURALLY DEFAULTED |

On March 4, 2016, Petitioner Jerome Watts ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. The Petition challenges Petitioner's sentence that resulted from a 2008 guilty plea. Petitioner did not seek direct review of his conviction.

## 1.  LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28

U.S.C. § 2244(d)(1).  For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  Where, as here, a petitioner does not file for direct review of their conviction, the conviction becomes final when the period for seeking direct appellate review expires.  *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); *Randle v. Crawford*, 604 F.3d 1047, 1057 (9th Cir. 2009) *as amended*.  In California, the period for seeking appellate review of a criminal conviction expires sixty days after "the rendition of judgment or the making of the order being appealed."  Cal. R. Ct. 8.308.

In this case, Petitioner admits that he did not file for direct review of his conviction.  (Pet. at 2).  Thus, under section 2244(d)(1)(A), Petitioner's conviction became final sixty days after October 16, 2008.[1]  *See Mendoza*, 449 F.3d at 1067; 28 U.S.C. § 2101(d); Cal. R. Ct. 8.308.  Therefore, Petitioner's conviction became final on December 15, 2008. Accordingly, the one-year limitations period expired on December 15, 2009. *See Patterson*, 251 F.3d at 1245–47.  Because Petitioner did not initiate the current proceedings until March 4, 2016, the present action is untimely, absent statutory or equitable tolling.  *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

/ / /

/ / /

---

[1] The Petition contains copies of two minute orders from the Los Angeles County Superior Court involving Petitioner's guilty plea.  The first minute order is dated September 30, 2008, and it memorializes Petitioner's guilty plea and subsequent sentence.  (Pet. at 32–33).  The second minute order, dated October 16, 2008, appears to be a post-sentencing order that terminated Petitioner's trial court proceedings.  (Pet. at 35).  Out of an abundance of caution, the Court assumes that the October 16, 2008 minute order triggered Petitioner's sixty day window to seek direct appellate review of his conviction and sentence.

## 2.    STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  However, a petitioner is not entitled to statutory tolling if he filed his initial state habeas petition after the one-year federal limitations period had expired.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner initiated stated habeas proceedings on January 23, 2014,  (Pet. at 12), several years after the federal one-year limitations period had expired.  Because § 2244(d) "does not permit the reinitiation of the limitations period," Petitioner is not entitled to statutory tolling in this case.  *See Ferguson*, 321 F.3d at 823.

## 3.    EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights.  *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  The petitioner bears the burden of showing that equitable tolling is appropriate.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not made any allegation that suggests that equitable tolling may be appropriate.  Petitioner has made no showing of extraordinary circumstances or of diligence and, therefore, has not demonstrated that he is entitled to equitable tolling.

1    **4.      PROCEDURAL DEFAULT**

2          "In all cases in which a state prisoner has defaulted his federal claims in

3    state court pursuant to an independent and adequate state procedural rule, federal

4    habeas review of the claims is barred." *Coleman v. Thompson*, 501 U.S. 722,

5    750 (1991).  This bar cannot be overcome "unless the prisoner can demonstrate

6    cause for the default and actual prejudice as a result of the alleged violation of

7    federal law, or demonstrate that failure to consider the claims will result in a

8    fundamental miscarriage of justice." *Id.*

9          Here, federal review of the Petition is seemingly barred because the

10   California Court of Appeal found that Petitioner's claims were procedurally

11   defaulted in state court.  (Pet. at 12).  Accordingly, Petitioner must demonstrate

12   either "cause" and "prejudice" or that this Court's failure to consider his claims

13   will result in a "fundamental miscarriage of justice" in order to avoid the

14   procedural default.  *See Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S.

15   478, 488–89 (1986); *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011)

16   (citations omitted) (discussing the "cause" and "prejudice" requirements);

17   *Detrich v. Ryan*, 740 F.3d 1237, 1243–44 (9th Cir. 2013) (citations omitted)

18   (same).

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**5.      ORDER TO SHOW CAUSE**

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date.  Therefore, and because the Petition does not demonstrate any basis for tolling the statute, the Court orders Petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed as time-barred.  If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.

DATED: March 11, 2016

_____/S/ FREDERICK F. MUMM_____
FREDERICK F. MUMM
United States Magistrate Judge